Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
EDWARDS LAW OFFICE, P.C.
P.O. Box 5345
Etna, WY 83118
Ph: 307-883-2222
Fax: 307-883-0555
jedwards@silverstar.com
kcanfield@silverstar.com

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT

## IN AND FOR CONVERSE COUNTY, STATE OF WYOMING

| | |
|---|---|
| DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER (deceased), <br><br> Plaintiff, <br><br> v. <br><br> BRP US, INC., a Delaware corporation, and WADE A. RICE, individually and as owner of RICE HONDA SUZUKI and/or RICE HONDA SUZUKI VICTORY, <br><br> Defendants. | Civil Case No. 17974 <br><br> Filed for Record this 15 day of JUL A.D. 2019 <br> Pamela McCullough <br> Clerk of the District Court <br> Converse County, Wyoming |

## COMPLAINT

**COMES NOW** the Plaintiff, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER (deceased), by and through undersigned counsel, and for the cause of action against Defendants, BRP US, INC., a Delaware corporation, and WADE A. RICE, individually and as owner of RICE HONDA SUZUKI and/or RICE HONDA SUZUKI VICTORY, and alleges and states the following:

1

1.    This is an action for damages that exceed Fifty-Thousand Dollars ($50,000.00), exclusive of interest, costs and attorneys' fees, and therefore within the jurisdictional requirements of this Honorable Court.

2.    Plaintiff, DUANE SCHUMACKER, has been appointed the Wrongful Death Representative of RICHARD SCHUMACKER. A copy of the Certificate/Letter of Qualification is attached to this Complaint as Exhibit A and is incorporated herein by reference. DUANE SCHUMACKER was qualified by the District Court of the 6th Judicial District, Campbell County, Wyoming on the 29th day of March, 2019 to file suit on behalf of and for the exclusive benefit of beneficiaries who have sustained damage as a result of his wrongful death.

3.    All potential beneficiaries of a recovery for wrongful death and their relationship to the Deceased RICHARD SCHUMACKER, are identified as follows:

    a.  RICHARD SCHUMACKER c/o DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER;

    b.  DUANE SCHUMACKER, father, beneficiary and survivor of RICHARD SCHUMACKER, pursuant to Title 1, Chapter 38, Wyoming Statutes;

4.    Plaintiff, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, is entitled and empowered by Wyoming Statutes, Title 1, Chapter 38, Section 102, Wrongful Death, to recover for the Decedent RICHARD SCHUMACKER's survivors, beneficiaries, and estate, all the damages allowed by law including those pecuniary and exemplary, as shall be deemed fair and just.

5.    This is an action for Wrongful Death and damages arising out of the use of a defective and hazardous product.

2

6.      At the time of the incident giving rise to this Complaint, Plaintiff, DUANE SCHUMACKER, and the Decedent, RICHARD SCHUMACKER, were residents of Converse County, Wyoming.

7.      At all times material hereto, Plaintiff DUANE SCHUMACKER was a resident of Converse County, Wyoming.

8.      At all times material hereto, Defendant, BRP US, INC, (hereinafter "BRP") was and is a Delaware corporation authorized to do and doing business throughout the state of Wyoming, for which it receives substantial revenue.

9.      BRP is engaged in the business of designing, manufacturing, testing, marketing, and selling off-road vehicles, including ATV's and UTV's, which are distributed and sold throughout the United States.  By seeking a nationwide distribution of its products, BRP has purposefully availed itself of doing business in the state of Wyoming and has sufficient minimum contacts to justify being subject to the jurisdiction of this Court within the state of Wyoming.

10.     At all times material hereto, BRP has regularly conducted and is conducting substantial business activity within the state of Wyoming, has made and is making contacts within the state of Wyoming, and, therefore, has submitted itself to the jurisdiction of this Court.

11.     At all times material hereto, Defendant, WADE A. RICE, was an adult, individual and resident of South Dakota, residing at 377 Westberry Court West, Rapid City, South Dakota, 57702.

12.     At all times material hereto, RICE HONDA SUZUKI was a South Dakota Fictitious Name for a business owned by WADE A. RICE, with its principal place of business located at 301 Campbell Street, Rapid City, South Dakota 57701.

3

13. Defendant WADE A. RICE is sued in his individual capacity and as owner of a business called "RICE HONDA SUZUKI" and/or "RICE HONDA SUZUKI VICTORY".

14. For purposes of this Complaint, Defendant WADE A. RICE, the business called "RICE HONDA SUZUKI" and/or "RICE HONDA SUZUKI VICTORY" is collectively hereinafter referred to as "RICE".

15. At all times material hereto, RICE was engaged in the business of testing, marketing, selling, maintaining, and repairing off-road vehicles, including ATV's and UTV's, including in and throughout South Dakota and Wyoming, has purposefully availed itself of doing business in the state of Wyoming, and has sufficient, continuous, and purposeful contacts to justify being subject to the jurisdiction of this Court within the state of Wyoming.

16. The Defendant BRP, submitted itself to the jurisdiction of this Honorable Court by doing personally or through its agents, at all times material to this cause of action, the following acts:

a. Committing a tortious act within this state by marketing, selling, and delivering defective off-road vehicles, including the 2015 Can-Am Outlander 6X6, Model Number OTLR6X6XT 650, Serial Number 3JBRKAJ29FJ000080, which is the subject of this Complaint, (hereinafter the "Subject Can-Am") to persons, firms or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such off-road vehicles were used by consumers in Wyoming, including RICHARD SCHUMACKER, in the ordinary course of commerce and trade;

b. Conducting and engaging in substantial business and other activities in Wyoming by designing, manufacturing, marketing, and selling defective off-road vehicles, including the Subject Can-Am, to persons, firms, or corporations in this state via its distributors,

4

wholesalers, dealers and brokers. Such vehicles were used by consumers in Wyoming, including DUANE SCHUMACKER and RICHARD SCHUMACKER, by way of their Wyoming business SCHUMACKER SPRAYING, LLC, in the ordinary course of commerce and trade;

c. The acts or omissions of Defendant, BRP, caused injuries to persons in Wyoming, including the death of RICHARD SCHUMACKER and subsequent injuries to his Estate and survivors. At or about the time of said injuries, BRP engaged in solicitation activities in Wyoming to promote the sale, consumption, use, maintenance and/or repair of its off-road vehicles, including the Subject Can-Am;

d. Selling off-road vehicles, including the Subject Can-Am, with knowledge or reason to foresee that their vehicles would be shipped in interstate commerce and would reach the market of Wyoming and its users or consumers; and

e. Voluntarily qualifying to conduct business in this state by registering with the State of Wyoming and designating a resident agent for service of process in Wyoming.

17.    Defendant RICE, submitted to the jurisdiction of this Honorable Court by doing personally or through his agents, at all times material to this cause of action, the following acts:

a. Committing a tortious act within this state by marketing, selling, and delivering defective off-road vehicles, including the subject Can-Am, to persons, firms or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such off-road vehicles were used by consumers in Wyoming, including RICHARD SCHUMACKER, in the ordinary course of commerce and trade;

b. Committing a tortious act within this state by negligently servicing, inspecting, repairing, and maintaining the Subject Can-Am. The Subject Can-Am was used by

5

consumers in Wyoming, including DUANE SCHUMACKER and RICHARD SCHUMACKER, by way of their Wyoming business SCHUMACKER SPRAYING, LLC, in the ordinary course of commerce and trade;

c.  Conducting and engaging in substantial business and other activities in Wyoming by designing, manufacturing, marketing, and selling defective off-road vehicles, including the Subject Can-Am, to persons, firms, or corporations in this state via its distributors, wholesalers, dealers and brokers. Such vehicles were used by consumers in Wyoming, including DUANE SCHUMACKER and RICHARD SCHUMACKER, by way of their Wyoming business SCHUMACKER SPRAYING, LLC, in the ordinary course of commerce and trade;

d.  The acts or omissions of Defendant, RICE, in negligently servicing, inspecting, repairing, and maintaining the Subject Can-Am caused injuries to persons in Wyoming, including DUANE SCHUMACKER and RICHARD SCHUMACKER, by way of their Wyoming business SCHUMACKER SPRAYING, LLC;

e.  The acts or omissions of Defendant, RICE, caused injuries to persons in Wyoming, including the death of RICHARD SCHUMACKER and subsequent injuries to his Estate and survivors. At or about the time of said injuries, RICE engaged in solicitation activities in Wyoming to promote the sale, consumption, use, maintenance and/or repair of its off-road vehicles, including the Subject Can-Am;

f.  At or about the time of the incident and RICHARD SCHUMACKER's use of the Subject Can-Am, Defendant RICE was actively engaged in solicitation in Wyoming for its off-road vehicle sales and service; and

6

g.  Selling off-road vehicles, including the Subject Can-Am, with knowledge or reason to foresee that their vehicles would be shipped in interstate commerce and would reach the market of Wyoming and its users or consumers.

18.  On or about May 5, 2017, RICHARD SCHUMACKER and his father DUANE SCHUMACKER, were working in their home state of Wyoming, through their Wyoming-based business SCHUMACKER SPRAYING, LLC, and were spraying weeds on oil well sites and concrete pads in Campbell County, Gillette, Wyoming.

19.  On the morning of May 5, 2017, RICHARD SCHUMACKER was using the Subject Can-Am to spray weds and the gravel around a concrete pad while his father was spraying another area on the other side of a hill.

20.  When DUANE had not seen his son for several minutes, he walked back toward the concrete pad and found that the Subject Can-Am had rolled and come to rest on top of his son, RICHARD SCHUMACKER.

21.  As a result of the rollover of the Subject Can-Am, RICHARD SCHUMACKER was killed by mechanical asphyxiation.

22.  Indeed, RICHARD SCHUMACKER's Death Certificate lists his official cause of death as "Mechanical Asphyxia," "Accident," and describes that he was "[p]inned beneath overturned ATV while spraying weeds on land."

23.  The Subject Can-Am, which overturned and killed RICHARD SCHUMACKER was manufactured, designed, developed, tested, marketed, and/or distributed by Defendant BRP.

24.  The Subject Can-Am, which failed and overturned was sold, marketed, serviced, repaired, and maintained by Defendant RICE, who serviced the Subject Can-Am for Plaintiffs RICHARD SCHUMACKER and DUANE SCHUMACKER following sale of the vehicle to their

7

business SCHUMACKER SPRAYING, LLC and RICE's representations and warranties regarding the Subject Can-Am's suitability for SCHUMACKER SPRAYING's work.

**COUNT I – DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), NEGLIGENCE AGAINST RICE**

25. Plaintiff adopts and re-alleges paragraphs 1-24 above, and incorporates them as if stated verbatim herein.

26. On or about May 5, 2017, the decedent RICHARD SCHUMACKER was using the Subject Can-Am for its ordinary purpose – spraying for weeds in an off-road area in his home state of Wyoming.

27. Defendant RICE, knew or in the exercise of due care should have known that the Subject Can-Am, including all parts thereof, was not properly maintained and/or was in an unreasonably dangerous condition that would create a foreseeable and unreasonable zone of risk to those that came into contact with the subject vehicle.

28. Defendant RICE was under a duty to properly and adequately inspect, service, repair, and maintain the Subject Can-Am, so as to not present a danger to members of the general public who reasonably and foreseeably under ordinary circumstances would come into contact with the Subject Can-Am, including their customer, the decedent RICHARD SCHUMACKER.

29. RICE breached its duty to RICHARD SCHUMACKER as follows:

a. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am and its components, so that the Subject Can-Am failed, the Subject Can-Am's suspension failed to keep it upright, and the Subject Can-Am overturned, killing RICHARD SCHUMACKER;

8

b. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity to overturn, thereby rendering the Subject Can-Am unfit for the regular purpose for which it was intended;

c. By allowing its employees, agents, servants, representatives and/or permissive drivers to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity to overturn, thereby permitting the Subject Can-Am to perform in a matter that was unreasonably dangerous as expected by the ordinary, reasonable consumer;

d. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity to overturn, thereby rendering the Subject Can-Am unfit for the express purpose for which it was warranted and sold to RICHARD SCHUMACKER, DUANE SCHUMACKER, and SCHUMACKER SPRAYING, LLC – spraying for weeds in off-road areas of their home state of Wyoming;

e. Failing to warn that the subject vehicle was unreasonably dangerous, in that it had a loose, insufficient suspension, creating an unreasonable risk of rollover and resultant injury;

f. Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper inspection, maintenance, and repair of the

9

subject vehicle and its component parts, including but not limited to the loss suspension and propensity to rollover;

g. Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper warnings and instructions made in connection with the sale, and maintenance of the Subject Can-Am, particularly as it concerned the vehicle's dangerous propensity to rollover due to a loose, insufficient suspension, which rendered it unreasonably dangerous to the ordinary consumer's expectations and rendered it unfit for its regular purposes.

30. The negligence described above directly and proximately caused the incident and death of RICHARD SCHUMACKER, in that such negligence directly and in natural and continuous sequence, produced Decedent's injuries and death when the Subject Can-Am failed and overturned.

31. Plaintiff is informed and believes and thereon alleges that Defendant RICE marketed, sold, repaired, and maintained the Subject Can-Am in an unreasonably dangerous condition in many ways, that include the following:

a. RICE knew or had reason to know, for a period of time before it marketed, manufactured, sold, and placed the Subject Can-Am into the stream of commerce, that the Subject Can-Am was unreasonably dangerous for the use to which it would foreseeably be put, in that it had a loose, insufficient suspension and therefore presented an unreasonably dangerous rollover risk;

b. RICE knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Can-Am into the stream of commerce, that the Subject Can-Am was unreasonably dangerous for the use to which it

would foreseeably be put, in that it lacked a suspension sufficient to prevent rollovers during foreseeable and intended use; and

c. RICE knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Can-Am into the stream of commerce, that the Subject Can-Am was unreasonably dangerous for the use for which it was expressly sold and warranted to SCHUMACKER SPRAYING, LLC – spraying for weeds on off-road property in Wyoming.

32. As a direct and proximate result of the foregoing conduct of Defendant, RICE, the Decedent, RICHARD SCHUMACKER, sustained catastrophic injuries, mental anguish, pain and suffering, loss of earnings, medical expenses, funeral expenses, and death.

33. As a direct and proximate result of the foregoing conduct of Defendant, RICE, the beneficiaries of the Decedent, RICHARD SCHUMACKER, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice, loss of support and income as well as services, protection, care and assistance from RICHARD SCHUMACKER; and funeral and medical expenses for the care and final burial of RICHARD SCHUMACKER.

WHEREFORE, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), demands judgment for any and all damages available under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant WADE A. RICE, individually and as owner of RICE HONDA SUZUKI and/or RICE HONDA SUZUKI VICTORY, and for such other and further relief deemed proper by the Court.

Plaintiff also demands a jury trial on all issues so triable as a matter of right.

11

**COUNT II – DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), BREACH OF WARRANTY AGAINST RICE**

34.    Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

35.    Defendant RICE is in the business of marketing, selling, repairing, servicing, and maintaining off-road vehicles, including the Subject Can-Am.

36.    Defendant RICE marketed and/or ultimately placed the Subject Can-Am into the stream of commerce, selling it directly to the Decedent RICHARD SCHUMACKER and his father DUANE SCHUMACKER by way of their Wyoming business SCHUMACKER SPRAYING, LLC.

37.    Defendant RICE placed the Subject Can-Am on the market and into the stream of commerce with knowledge that it would be used without inspection for defects or unknown dangers. RICE knew or should have known that ultimate users, operators, consumers and/or bystanders would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

38.    On or about May 5, 2017, the date of the subject incident, the Subject Can-Am was substantially unchanged from its condition as sold and maintained by RICE.

39.    RICE warranted and represented safe operation and performance of the Subject Can-Am to the Decedent RICHARD SCHUMACKER and his father DUANE SCHUMACKER during its initial sale to them by way of their business SCHUMACKER SPRAYING, LLC. Such warranties and representations included specifically representations that the Subject Can-Am was

12

fit for the purposes it was intended to be used – spraying of weeds in off-road areas of the SCHUMACKERS' home state of Wyoming.

40.    The Subject Can-Am was defective and in an unreasonably dangerous condition when sold and maintained by RICE because of design, manufacturing, inspection, and warning defects that caused the Subject Can-Am to suddenly overturn due to an insufficient suspension, including the following:

    a. The Subject Can-Am was sold by RICE without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the propensity of the Subject Can-Am to suddenly and uncontrollably rollover because of a loose/insufficient suspension, thereby creating an unreasonable risk of injury;

    b. Based on the immediately preceding defects, the Subject Can-Am was unreasonably dangerous for its intended use;

    c. The Subject Can-Am was generally defective in its design because it failed to utilize proper designs that would prevent it from rolling over when being used on off-road property and in foreseeable conditions;

    d. The Subject Can-Am was defective because it was not designed adequately and it failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury to Plaintiffs from the death of RICHARD SCHUMACKER;

    e. The Subject Can-Am was defectively manufactured because it failed to utilize proper designs that would prevent it from rolling over when being used on off-road property and in foreseeable conditions;

13

f.  The Subject Can-Am was defectively manufactured because it failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury to Plaintiffs from the death of RICHARD SCHUMACKER;

g.  The Subject Can-Am was defective because RICE failed to warn of and failed even to inspect for design and/or manufacturing defects that would manifest under foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect – to wit, the suspension was loose and insufficient, which created an unreasonably dangerous risk of rollover accidents and led directly to the death of RICHARD SCHUMACKER;

h.  The Subject Can-Am was defective because RICE failed to adequately repair, inspect service, and maintain the vehicle when it failed to detect and/or repair suspension problems with the Subject Can-Am, which foreseeably led to a rollover event that ultimately caused the death of RICHARD SCHUMACKER; and

i.  The subject vehicle lacked adequate warnings to owners and foreseeable users of the unreasonably dangerous and defective conditions, despite the fact that Defendant RICE either knew or in the exercise of reasonable care should have known of the unreasonably dangerous and defective condition at the time of sale.

41.  RICE's lack of inspection, testing, or quality control in connection with the Subject Can-Am's performance, coupled with its representations and warranties about safe performance, rendered the Subject Can-Am unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including RICHARD SCHUMACKER, DUANE SCHUMACKER, and their co-owned business.

14

42. The Subject Can-Am failed to perform safely, as warranted and represented by RICE in connection with its sale and subsequent servicing and maintenance of the Can-Am, because of the above-described defects RICE failed to discover and because RICE failed to repair suspension issues for the Subject Can-Am.

43. The defects above directly and proximately caused the subject incident and injuries to Plaintiff DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, in that they directly and in natural and continuous sequence, produced or contributed substantially to Plaintiff's injuries and the death of RICHARD SCHUMACKER.

44. For the reasons set forth above, the Subject Can-Am was defective and unreasonably dangerous to foreseeable users and/or bystanders, including RICHARD SCHUMACKER, who came into contact with the Subject Can-Am in an ordinary and foreseeable manner.

45. Plaintiff DUANE SCHUMACKER alleges that at the time the subject vehicle was sold, that Defendant RICE expressly and impliedly warranted that the subject vehicle was reasonably fit and safe for its intended purposes, and that the subject vehicle was of merchantable quality throughout.

46. Defendant RICE breached said express and implied warranties in that the subject vehicle was not fit or reasonably safe for its intended purposes and not of merchantable quality at the time it left RICE's hands.

47. As a direct and proximate result of the foregoing conduct of Defendant, RICE, the Decedent, RICHARD SCHUMACKER, sustained catastrophic injuries, mental anguish, pain and suffering, loss of earnings, medical expenses, funeral expenses, and death.

15

48. As a direct and proximate result of the foregoing conduct of Defendant, RICE, the beneficiaries of the Decedent, RICHARD SCHUMACKER, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice, loss of support and income as well as services, protection, care and assistance from RICHARD SCHUMACKER; and funeral and medical expenses for the care and final burial of RICHARD SCHUMACKER.

WHEREFORE, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), demands judgment for any and all damages available under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant WADE A. RICE, individually and as owner of RICE HONDA SUZUKI and/or RICE HONDA SUZUKI VICTORY, and for such other and further relief deemed proper by the Court.

Plaintiff also demands a jury trial on all issues so triable as a matter of right.

## COUNT III – DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased) NEGLIGENCE AGAINST BRP

49. Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

50. Defendant BRP designed, manufactured, inspected, distributed, and sold the Subject Can-Am.

51. Defendant knew or in the exercise of due care should have known that the Subject Can-Am would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to BRP's product users, consumers and/or bystanders.

52. The Defendant was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and sell the Subject Can-Am in a reasonably safe condition so as to not present a danger to members of the general public

16

who reasonably and foreseeably, under ordinary circumstances, would come into contact with the subject vehicle, including Plaintiff DUANE SCHUMACKER and his son, the Decedent RICHARD SCHUMACKER.

53. Defendant, BRP, as the designer and manufacturer of the Subject Can-Am, was under a duty to exercise ordinary care in the design and manufacturing of its vehicles, including the Subject Can-Am, to reduce injuries to consumers from use of such a product.

54. Defendant breached its duty to Plaintiff by designing the Subject Can-Am as defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed as follows:

a. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am and its components, so that the Subject Can-Am failed, the Subject Can-Am's suspension failed to keep it upright, and the Subject Can-Am overturned, killing RICHARD SCHUMACKER;

b. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity to overturn, thereby rendering the Subject Can-Am unfit for the regular purpose for which it was intended;

c. By allowing its employees, agents, servants, representatives and/or permissive drivers to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity

17

to overturn, thereby permitting the Subject Can-Am to perform in a matter that was unreasonably dangerous as expected by the ordinary, reasonable consumer;

d. By allowing its employees, agents, servants and/or representatives to negligently inspect, service, repair, and maintain the Subject Can-Am so as not to detect problems with the vehicle's loose suspension and propensity to overturn, thereby rendering the Subject Can-Am unfit for the express purpose for which it was warranted and sold to RICHARD SCHUMACKER, DUANE SCHUMACKER, and SCHUMACKER SPRAYING, LLC – spraying for weeds in off-road areas of their home state of Wyoming;

e. Failing to warn that the subject vehicle was unreasonably dangerous, in that it had a loose, insufficient suspension, creating an unreasonable risk of rollover and resultant injury;

f. Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper inspection, maintenance, and repair of the subject vehicle and its component parts, including but not limited to the loss suspension and propensity to rollover;

g. Failing to adequately supervise its employees, agents, servants, and/or representatives regarding proper warnings and instructions made in connection with the sale, and maintenance of the Subject Can-Am, particularly as it concerned the vehicle's dangerous propensity to rollover due to a loose, insufficient suspension, which rendered it unreasonably dangerous to the ordinary consumer's expectations and rendered it unfit for its regular purposes;

h. The subject vehicle was unreasonably dangerous for its intended use;

18

i.  The subject vehicle was defectively designed in that it contained defective materials and components;

j.  The subject vehicle was generally defective in its design because it failed to utilize an appropriate design that would not fail when being used as advertised and marketed, including when the subject vehicle was operated on a slight slope;

k.  The subject vehicle was generally defective in its design because it failed to utilize an appropriate design that would not fail when being used as advertised and marketed, including when the subject vehicle was operated on a slight slope;

l.  The subject vehicle was defective because it was not designed adequately and failed under normal and foreseeable conditions, thus leading to the chain of events that caused injury and death to RICHARD SCHUMACKER – to wit, the Subject Can-Am was designed with a soft suspension that was insufficient to withstand operation and provide stability on a slope;

m.  The subject vehicle was defective because it was not designed adequately and failed to perform as a reasonable consumer would expect, thus leading to the chain of events that caused injury and death to RICHARD SCHUMACKER – to wit, the Subject Can-Am was designed with a soft suspension that was insufficient to withstand operation and provide stability on a slope;

n.  The subject vehicle was defective because Defendant BRP failed to design the vehicle for the foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect and failed to incorporate designs that would minimize loss of control and rollover risk under normal and foreseeable circumstances, including operation of the Subject Can-Am on a slope; and

19

o. The subject vehicle lacked adequate warnings to owners and foreseeable users of the unreasonably dangerous and defective conditions described above, despite the fact that Defendant BRP knew or in the exercise of reasonable care should have known of the unreasonably dangerous and defective condition.

55. Negligent design and manufacture of the Subject Can-Am by BRP was the proximate and legal cause of Plaintiff's injuries sustained in the subject incident including the death of RICHARD SCHUMACKER as a consumer using the subject vehicle.

56. Plaintiff is informed and believes and thereon alleges that Defendant BRP designed, manufactured, marketed, and distributed the Subject Can-Am in an unreasonably dangerous condition in many ways, that include the following:

a. BRP knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Can-Am into the stream of commerce, that the Subject Can-Am was unreasonably dangerous for the use to which it would foreseeably be put, in that it was designed with a suspension that was insufficient to withstand operation and provide stability when operated on a slope;

b. BRP knew or had reason to know, for a period of years before it marketed, manufactured, sold, and placed the Subject Can-Am into the stream of commerce, that the Subject Can-Am was unreasonably dangerous for the use to which it would foreseeably be put, in that it could be manufactured with a suspension that was insufficient to withstand operation and provide stability when operated on a slope;

20

57. As a direct and proximate result of the foregoing conduct of Defendant, BRP, the Decedent, RICHARD SCHUMACKER, sustained catastrophic injuries, mental anguish, loss of earnings, medical expenses, funeral expenses, and death.

58. As a direct and proximate result of the foregoing conduct of Defendant, BRP, the beneficiaries of the Decedent, RICHARD SCHUMACKER, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice; loss of support and income as well as services, protection, care and assistance from RICHARD SCHUMAKER; and funeral and medical expenses for the care and final burial of RICHARD SCHUMACKER.

WHEREFORE, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), demands judgment for any and all damages available under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant BRP US, INC., a Delaware corporation and for such other and further relief deemed proper by the Court.

Plaintiff also demands a jury trial on all issues so triable as a matter of right.

## COUNT IV – DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased) BREACH OF WARRANTY AGAINST BRP

59. Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if stated verbatim herein.

60. Defendant BRP is in the business of designing, manufacturing, marketing, and selling off-road vehicles, including the Subject Can-Am.

61. Defendant BRP designed, manufactured, inspected, distributed, and sold the Subject Can-Am.

62. Defendant BRP sold and ultimately placed the Subject Can-Am into the stream of commerce.

21

63.    Defendant knew or in the exercise of due care should have known that the Subject Can-Am would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to end-users, consumers and/or bystanders.

64.    The Defendant was under a duty to properly and adequately design, manufacture, inspect, test, label, provide adequate warnings for, package, distribute and sell the Subject Can-Am in a reasonably safe condition so as to not present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the subject vehicle, including the Decedent RICHARD SCHUMACKER.

65.    The Subject Can-Am was defective and in an unreasonably dangerous condition for to ultimate users, operators, and/or consumers when sold and distributed as follows:

    a.    The Subject Can-Am was sold by BRP without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the soft suspension that was insufficient to withstand operation and provide stability when operated on a slope;

    b.    The Subject Can-Am was sold by BRP without adequate quality control measures and inspection/testing for potential safety issues including, but not limited to, the lack of any form of protection to prevent crushing a rider in the foreseeable event of a rollover or overturning of the vehicle;

    c.    Based on the immediately preceding design defects, the Subject Can-Am was unreasonably dangerous for its intended use;

    d.    The Subject Can-Am was defective because it was not designed adequately and it failed under normal and foreseeable conditions, thus leading to the chain of

events that caused injury to Plaintiffs from the death of RICHARD SCHUMACKER; and

e.  The Subject Can-Am was defective because BRP failed to warn of and failed even to inspect for design and/or manufacturing defects that would manifest under foreseeable use, misuse, and/or abuse that a reasonable consumer, user and/or bystander would expect – overturning while being operated on a slope, which led directly to the death of RICHARD SCHUMACKER.

66. Defendant BRP's lack of inspection, testing, or quality control in connection with the Subject Can-Am's design, manufacture, and performance, coupled with its representations about safe performance, rendered the Subject Can-Am unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary consumers, including DUANE SCHUMACKER, RICHARD SCHUMACKER, and their Wyoming-based business SCHUMACKER SPRAYING, LLC.

67. The Subject Can-Am failed to perform safely, as warranted and represented by BRP in connection with its design, manufacture, and sale of the Can-Am, because of the above-described defects, and especially for the expressed purpose of using the Can-Am to spray herbicide at oil well and other sites.

68. The unreasonably dangerous and defective condition of the Subject Can-Am – the soft suspension which was insufficient to support the load or to operate on a slope – existed at the time the Subject Can-Am left BRP's custody and control.

69. At the time Subject Can-Am was designed, manufactured, and sold into the stream of commerce, Defendant BRP expressly and impliedly warranted that the Subject Can-Am was

23

reasonably fit and safe for its intended purposes and that the Subject Can-Am was of merchantable quality throughout.

70. Defendant BRP breached said express and implied warranties in that the Subject Can-Am was not fit or reasonably safe for its intended purposes and not of merchantable quality at the time it left BRP's hands.

71. The defects above directly and proximately caused the subject incident and injuries to Plaintiff DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, in that they directly and in natural and continuous sequence, produced or contributed substantially to Plaintiff's injuries and the death of RICHARD SCHUMACKER.

72. For the reasons set forth above, the Subject Can-Am was defective and unreasonably dangerous to foreseeable users and/or bystanders, including RICHARD SCHUMACKER, who came into contact with the Subject Can-Am in an ordinary and foreseeable manner.

73. As a direct and proximate result of the foregoing conduct of Defendant, BRP, the Decedent, RICHARD SCHUMACKER, sustained catastrophic injuries, mental anguish, loss of earnings, medical expenses, funeral expenses, and death.

74. As a direct and proximate result of the foregoing conduct of Defendant, BRP, the beneficiaries of the Decedent, RICHARD SCHUMACKER, sustained sorrow, mental anguish, and loss of companionship, society, comfort, guidance, kindly offices, and advice; loss of support and income as well as services, protection, care and assistance from RICHARD SCHUMACKER; and funeral and medical expenses for the care and final burial of RICHARD SCHUMACKER.

WHEREFORE, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), demands judgment for any and all damages available

24

under Title 1, Chapter 38, Wyoming Statutes and all applicable Wyoming law against Defendant BRP US, INC., a Delaware corporation and for such other and further relief deemed proper by the Court.

Plaintiff also demands a jury trial on all issues so triable as a matter of right.

Plaintiff requests that the Court issue Summons' to the above named Defendants to answer or defend against this Complaint.

**JURY DEMAND**

Plaintiff, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, hereby demands a jury of six (6) persons on all issues so triable.

WHEREFORE, Plaintiff, DUANE SCHUMACKER, as Wrongful Death Representative of RICHARD SCHUMACKER, (deceased), demands judgment against Defendant WADE A. RICE, individually and as owner of RICE HONDA SUZUKI and/or RICE HONDA SUZUKI VICTORY, and Defendant BRP US, INC., a Delaware corporation, for pre-judgment interest as allowed by law; post-judgment interest as allowed by law; pecuniary and exemplary damages; costs of suit; and such other relief, at law or equity, to which Plaintiff may be justly entitled.

RESPECTFULLY submitted this _9th_ day of April, 2019.

EDWARDS LAW OFFICE, P.C.

Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
P.O. Box 5345
Etna, WY 83118
Ph: 307-883-2222
Fax: 307-883-0555
jedwards@silverstar.com
kcanfield@silverstar.com

&

JOSHUA D. MOORE
Florida Bar No. 0041680
Tennessee Bar No. 26491
*Wyoming Pro Hac Vice Pending*
Morgan & Morgan, P.A.
20 North Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3355

*Attorneys for Plaintiffs*

Submitted to:

Pam McCullough, Clerk of District Court
Converse County Courthouse
107 North 5th Street, Suite 228
Douglas, Wyoming 82633-2448

26

# EXHIBIT "A"

# IN THE SIXTH JUDICIAL DISTRICT COURT

## IN AND FOR CAMPBELL COUNTY, WYOMING

In the Matter of the Wrongful Death of
Richard Schumacker,

Deceased.

Case No: 38260

**FILED**
CAMPBELL COUNTY, WYOMING

APR 0 1 2019

J Thompson
DEPUTY CLERK OF THE DISTRICT COURT

### ORDER APPOINTING WRONGFUL DEATH REPRESENTATIVE

The petition of Duane Schumacker seeking Appointment as the Wrongful Death Representative of Richard Schumacker, deceased, for the purpose of investigating, pursuing and prosecuting a wrongful death action pursuant to applicable law, having come before the Court, and for good cause appearing;

IT IS HEREBY ORDERED that Richard Schumacker died on May 5, 2017, in the County of Campbell, State of Wyoming; and that this representative appointment in Wyoming is for the purpose of pursuing and prosecuting a wrongful death claim pursuant to Wyo. Stat. §§ 1-38-101 – 105.

IT IS HEREBY ORDERED that the best interests of the potential beneficiaries as a whole will be served by the appointment of Duane Schumacker, as the wrongful death-representative.

IT IS FURTHER ORDERED that Duane Schumacker is hereby appointed as the Wrongful Death Representative of Richard Schumacker, deceased, and this COURT hereby confirms and ratifies the appointment of Duane Schumacker, the Wrongful Death Representative to pursue and prosecute a wrongful death claim on behalf of the proper beneficiaries and parties pursuant to Wyo. Stat. §§ 1-38-101 – 105.

Dated this 29 day of March 2019.

STATE OF WYOMING } s.s.
  Campbell County }
CHERYL CHITWOOD, Clerk of the Court, within and for said county and state aforesaid, does hereby certify the foregoing to be a full, true and complete copy as the same appears on file and of record in this office.
IN TESTIMONY WHEREOF, I have hereunto subscribed my hand and affixed the official seal of said Court, at my office in Gillette, Wyoming, this late.

CHERYL CHITWOOD

4/5/19 J Thompson Deputy
Clerk of the Court, Sixth Judicial District

_____
DISTRICT COURT JUDGE

STATE OF WYOMING       )       IN THE DISTRICT COURT

                                 ) ss

COUNTY OF CONVERSE      )        EIGHTH  JUDICIAL DISTRICT

DUANE SCHUMACKER, as
Wrongful Death Representative
of RICHARD SCHUMACKER,              Civil Action Case No. *17974*
Deceased,

               Plaintiff,

v.                                 **SUMMONS**

**BRP US, INC., a Delaware corporation,**
**And WADE A. RICE, Individually and**
**as owner of RICE HONDA SUZUKI**
**and/or RICE HONDA SUZUKI VICTORY,**
              Defendants.

Filed for Record this ___
day of *May* A.D. ___
Pamela McCullough
Clerk of the District Court
Converse County, Wyoming

To the above- named Defendants:

Print Defendants Name:     **WADE RICE, INDIVIDUALLY, and as owner of RICE HONDA SUZUKI**
                                  **and/or RICE HONDA SUZUKI VICTORY**
Address:                       377 Westberry Court West
                             Rapid City, SD  57702
                                  **OR**
                             301 Campbell Street,
                             Rapid City, SD  57701

      YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff or Plaintiff's attorney if s/he has one, an Answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service.  (If service upon you is made outside of the state of Wyoming, you are required to file and serve your answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service.)  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

       Dated _____, 20_19_.

(Seal of District Court)

                                        Pamela McCullough
                                        Clerk of Court
                                        By: _____
                                        Deputy Clerk

Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
EDWARDS LAW OFFICE, P.C.
P.O. Box 5345
Etna, WY  83118
Ph:  307-883-2222
Fax:  307-883-0555
jedwards@silverstar.com
kcanfield@silverstar.com

Attorneys for Plaintiff

## AFFIDAVIT OF SERVICE

**State of Wyoming**                    **County of Converse**                    **District Court**

Case Number: 17974

Plaintiff:
**Duane Schumacker, as Wrongful Death Representative of Richard Schumacker, Deceased**
vs.
Defendants:
**BRP US, Inc., a Delaware Corporation, and Wade A. Rice, individually; et al.**

For: Edwards Law Office, P.C.

Received by Front Range Legal Process Service, Inc. on the 26th day of April, 2019 at 7:21 am to be served on Wade Rice, individually and as owner of Rice Honda Suzuki, and/or Rice Honda Suzuki Victory, Rapid City, SD. I, _Daniel J. Neuelr._, being duly sworn, depose and say that on the _26th_ day of _April_, 20 _19_ at _10 :45_ A m., executed service by delivering a true copy of the Summons; Complaint; Exhibit A in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By Serving _____ as_____

( ) POSTING _____

(X) DESCRIPTION ) Age _50_ Sex _M_ Race _Caucasian_ Height _5'11_ Weight _180_ Hair _Grey_ Glasses _Yes_

( ) NON SERVICE: See Comments

COMMENTS: _Served  Wade  Rice  at  Rice Honda Suzuki  office  at_
_3337  East  Mall  Drive,  Rapid  City, South  Dakota_

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _26_ day
of _April_, _2019_ by the affiant who is
personally known to me.

_Tandi R. Croghan_
**NOTARY PUBLIC**

_November 3, 2020_
**NOTARY EXPIRATION DATE**

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Front Range Legal Process Service, Inc.**
145 W. Swallow Road
Fort Collins, CO 80525
(888) 387-3783

Our Job Serial Number: 2019003115

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2p

STATE OF WYOMING ) IN THE DISTRICT COURT
) ss
COUNTY OF CONVERSE ) EIGHTH JUDICIAL DISTRICT

DUANE SCHUMACKER, as
Wrongful Death Representative
of RICHARD SCHUMACKER,
Deceased,                                         Civil Action Case No. 17974

                    Plaintiff,

v.                                                    **SUMMONS**

BRP US, INC., a Delaware corporation,
And WADE A. RICE, Individually and
as owner of RICE HONDA SUZUKI
and/or RICE HONDA SUZUKI VICTORY,

                    Defendants.

Filed for Record this
day of ____ A.D. ____
Pamela McCullough
Clerk of the District Court
Converse County, Wyoming

To the above- named Defendants:

Print Defendants Name:       **BRP US, INC.**
Address:                     **C/O- C T CORPORATION, REGISTERED AGENT**
                             **1908 Thomes Avenue**
                             **Cheyenne, WY 82001**

        YOU ARE HEREBY SUMMONED and required to file with the Clerk and serve upon the Plaintiff or Plaintiff's attorney if s/he has one, an Answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. (If service upon you is made outside of the state of Wyoming, you are required to file and serve your answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the day of service.) If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

        Dated ____ , 20__

(Seal of District Court)

                                             Clerk of Court

                                         By; ____
                                         Deputy Clerk ____

Jack D. Edwards, 6-3877
Kaden B. Canfield, 7-6238
EDWARDS LAW OFFICE, P.C.
P.O. Box 5345
Etna, WY 83118
Ph: 307-883-2222
Fax: 307-883-0555
jedwards@silverstar.com
kcanfield@silverstar.com

Attorneys for Plaintiff

## AFFIDAVIT OF SERVICE

**State of Wyoming**                    **County of Converse**                    **District Court**

Case Number: 17974

Plaintiff:
Duane Schumacker, as Wrongful Death Representative of Richard Schumacker,
Deceased
vs.
Defendants:
BRP US, Inc., a Delaware Corporation, and Wade A. Rice, Individually; et al.

For: Edwards Law Office, P.C.

Received by Front Range Legal Process Service, Inc. on the 26th day of April, 2019 at 7:21 am to be served on BRP US, Inc.
Registered Agent: CT Corporation, 1908 Thomes Avenue, Cheyenne, WY 82001. I, _Greg Goodwine_, being duly
sworn, depose and say that on the _30th_ day of _April_, 20_19_ at _2:40_ p.m., executed service by delivering a true copy of
the Summons; Complaint; Exhibit A in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named
agency.
(X) CORPORATE SERVICE: By serving _Kaylee Person_ as _Office Assistant_ .
( ) POSTING _____

( ) DESCRIPTION) Age _32_ Sex _F_ Race _white_ Height _5 5_ Weight _200_ Hair _brown_ Glasses _yes_

( ) OTHER SERVICE: As described in the Comments below by

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service
was made.

MARISSA MEDINA - NOTARY PUBLIC
County of
Laramie
State of
Wyoming
My Commission Expires April 3, 2021

Subscribed and Sworn to before me on the _30_ day
of _April 2019_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_April 3 2021_
NOTARY EXPIRATION DATE

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

Front Range Legal Process Service, Inc.
145 W. Swallow Road
Fort Collins, CO 80525
(888) 387-3783

Our Job Serial Number: 2019003114

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2p